NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2542

———————

UNITED STATES OF AMERICA

v.

MICHELLE DAVIS,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2-08-cr-00009-010)
District Judge: Katharine S. Hayden

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 25, 2010

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

(Opinion Filed: April 13, 2010)

———————

OPINION OF THE COURT

———————

FUENTES, Circuit Judge:

        Former Newark Police Detective Michelle Davis was indicted on one count of

conspiracy to commit money laundering, under 18 U.S.C. § 1956(h), and four counts of

1

money laundering, under 18 U.S.C. § 1956(a)(1)(B)(i). She was found guilty on all counts. Davis filed a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29, which the District Court granted as to Count Five. The District Court sentenced Davis to twelve months and one day in prison on all counts, to be served concurrently, as well as three years of supervised release. Davis appeals the denial of her Rule 29 motion on the remaining four counts and argues that there was insufficient evidence to support her convictions. Finding sufficient evidence in the record to uphold Davis' convictions on the remaining counts, we affirm the District Court's decision.[1]

I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. Davis was found guilty of laundering money on behalf of Rasheem Small, a Newark drug dealer and the proprietor of an illegal gambling club. Small was released from prison in 2001 after serving time for felony convictions for robbery, assault, and drug dealing. Small, who testified as a government witness against Davis, quickly renewed his drug dealing activity and began operating the "Taj Mahal" gambling den. He earned substantial money from both endeavors and began living a lavish lifestyle. Witnesses testified that Davis frequented the Taj Mahal, spent time at Small's home, and socialized with him in public, despite a prohibition on police officers associating with known criminals and gamblers. Small

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2

purchased jewelry for Davis and allowed her to borrow fur coats and drive his cars. He also allowed her to use complimentary hotel rooms he received in Atlantic City. Testimony revealed that Davis informed Small before Newark Police officers came to question him about a shooting outside the Taj Mahal and that, on a separate occasion, she promptly arrived on the scene to intervene on Small's behalf when he was pulled over by the police.

Having seen the central air conditioning in Davis' home, Small decided to install central air at his own residence. He asked Davis for a recommendation of a contractor. Davis ultimately signed the contract with Duct Mate for installation of the central air conditioning. Small testified that he made the first two payments for the installation, but for the third and final payment he gave cash, on two separate occasions, to Davis, who then paid Duct Mate with a certified check and a personal check, drawn on two separate accounts. A teller at the Newark Police Federal Credit Union testified that on August 27, 2003 she made a check out to Duct Mate on Davis' behalf and that Davis "brought in $4000 in cash" to obtain the check. (J.A. at 121.) Davis also wrote a separate personal check, drawn on her account at Wachovia Bank, for $1,800, to Duct Mate. Davis transferred $2,000 from her pension fund account into the Wachovia account immediately prior to writing the personal check. Small testified that he sought Davis' assistance with the payments because he was concerned that if he directly paid more than $10,000 to Duct Mate he would "go over the 10,000 mark . . . with the IRS." (J.A. at 61.)

Small purchased a Range Rover automobile in February 2005 and had the car

3

titled in Davis' name.  He sought her assistance because "her job could show she [could] afford a car."  (J.A. at 86.)  Small sold the vehicle six months later in August 2005.

The five-count superseding indictment against Davis charged her with conspiracy to commit laundering, as well as four specific instances of money laundering.  These included two separate cash payments of approximately $2,000 and $4,000 in cash in exchange for Davis' payments to Duct Mate, the titling of the Range Rover in her name, and her involvement in the sale of the Range Rover.  The District Court granted Davis' Rule 29 motion on Count Five, related to the sale of the Range Rover.  The Court concluded that the evidence supporting a finding of guilt as to this count hung on a signature that was "unlike that of other signatures shown to be genuine Michelle Davis signatures."  (J.A. at 577.)  Accordingly, the court dismissed this count as "unsupported by sufficient evidence."  (*Id.*)

## II.

Davis challenges the District Court's ruling on the remaining four counts in her indictment and contends that the Government's evidence was insufficient to support the jury's guilty verdicts.  "We exercise plenary review over a district court's grant or denial of a motion for acquittal based on the sufficiency of the evidence, applying the same standard as the district court."  *United States. v. Silveus*, 542 F.3d 993, 1002 (3d Cir. 2008).  We "will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Dent*, 149 F.3d 180, 187 (3d Cir.1998) (internal quotation marks and citations omitted).  Davis does

4

not dispute that she was friends with Small, but claims the evidence presented shows nothing more. Her brief relies primarily upon her own testimony and, while it posits other possible other explanations for her actions, fails to satisfy the heavy burden on an appellant who raises a claim of insufficiency of the evidence. *Dent*, 149 F.3d at 188.

As to Count One, conspiracy to launder money, Davis emphasizes that Small never testified that he and Davis explicitly discussed plans to launder money. To prove a conspiracy under § 1956(h), the Government was required to prove "(1) that an agreement was formed between two or more persons; and (2) that the defendant knowingly became a member of the conspiracy." *United States v. Greenridge*, 495 F.3d 85, 100 (3d Cir. 2007). Direct evidence of an agreement is not necessary as each element of a criminal conspiracy "may be proven entirely by circumstantial evidence." *United States v. Appelwhaite*, 195 F.3d 679, 684 (3d Cir. 1999). Small testified at trial that there was no reason to explicitly discuss the source of his money because he assumed, given their friendship and her visits to his home, that Davis knew where it was coming from. Given the testimony at trial regarding the nature of their relationship and the multiple transactions performed by Davis on Small's behalf, ample circumstantial evidence supported the jury's conclusion that Davis conspired with Small to launder money.

We also find sufficient evidence to support the jury's determination as to the substantive money laundering counts. The four elements of a money laundering offense include: "(1) an actual or attempted financial transaction; (2) involving the proceeds of specified unlawful activity; (3) knowledge that the transaction involves the proceeds of

5

some unlawful activity; and (4) either an intent to promote the carrying on of specified unlawful activity or knowledge that the transactions were designed in whole or in part to conceal the nature, location, source, ownership, or control of the proceeds of specified unlawful activity." *United States v. Omoruyi*, 260 F.3d 291, 294-95 (3d Cir. 2001). The Government argues that the jury was presented with sufficient evidence at trial showing that Davis knew or was willfully blind to the fact that each transaction involved illegal proceeds and sought to conceal the nature of these proceeds. *See United States v. Brodie*, 403 F.3d 123, 148 (3d Cir. 2005) ("The knowledge element of [criminal conspiracy] may be satisfied upon a showing beyond a reasonable doubt that a defendant had actual knowledge or 'deliberately closed his eyes to what otherwise would have been obvious to him concerning the fact in question.'" (citation omitted)).

Count 2 charged that Davis knowingly laundered $2,000 by paying for air conditioning work done at Small's home. Davis argues the evidence failed to establish an illegal financial transaction because, she contends, the source of the money was a check drawn on her own pension account and not money received from Small. However, Small testified that he gave Davis money on two occasions to pay his balance for the work done, in amounts equivalent to the checks written to Duct Mate. We apply a deferential standard to the jury's fact finding and credibility determinations and accordingly find that there is sufficient evidence to support the conclusion that Small was the source of the money. *United States v. Ozcelik*, 527 F.3d 88, 94 (3d Cir. 2008).

Count Three charged Davis with purchasing a bank check on behalf of Small for

6

use towards the final payment to Duct Mate. Davis argues that the Government failed to prove that she knew or should have known the source of the proceeds involved in this transaction and the transaction's purpose. According to Davis, Small only asked her to make the payment because his own bank account was low and so he gave her cash to purchase a bank check for him. This, she contends, undermines Small's testimony that he sought to avoid making total payments over $10,000, which would implicate tax-reporting laws, and that he wanted to avoid paying for the air conditioning installation with a large pile of $5, $10, and $20 bills from his gambling enterprise. Once again, while Davis provides her own alternative explanation for her actions on behalf of Small, she fails to establish that the jury lacked sufficient evidence to support its finding of guilt. Small's specific testimony regarding these payments, the Newark Federal Credit Union bank teller's testimony, and the broader evidence regarding Davis' relationship with Small provide ample support for the conclusion that Davis knew or should have known the source of the money and the nature of the transaction.

Count Four charged Davis with money laundering in relation to the purchase of a Range Rover, which was registered in Davis' name. Davis again claims that no evidence shows she knew the source of the money or the purpose of the transaction. She claims that she and Small struck a legitimate deal, he negotiated for and purchased the car and she registered it in her name and paid the insurance. She then drove the vehicle as she desired. Small testified that he asked Davis to title the vehicle in her name so that if the transaction was reviewed the source of money for the purchase would not be questioned.

We find that the evidence presented by the Government regarding Small's illicit activities and Davis' relationship with him provided sufficient evidence for a rational juror to conclude that Davis had knowledge of or was at a minimum willfully blind as to the purpose of this transaction and the source of Small's funds.

For the foregoing reasons, we conclude that the record contains sufficient evidence to support the jury's finding of guilt on Counts One, Two, Three, and Four. Accordingly, we affirm the District Court's denial of Davis' Rule 29 motion as to these four counts.